IN THE CIRCUIT COURT OF FRANKLIN COUNTY, MISSOURI
AT UNION, MISSOURI

CHRISTINE CADY                          )
                                        )
                    Plaintiff           )
                                        )
        v.                              )          Case No.
                                        )          11AB-CC 00317
DVA RENAL HEALTHCARE, INC.              )
d/b/a                                   )
WASHINGTON SQUARE DIALYSIS              )
                                        )
SERVE AT:   CSC – Lawyers Incorporating )
            Service Company             )
            221 Bolivar Street          )
            Jefferson City, MO 65101    )
                                        )
                    Defendant           )

## PETITION FOR DAMAGES

COMES NOW Plaintiff Christine Cady, by and through counsel, and for her cause of action against Defendant DVA Renal Healthcare, Inc. d/b/a Washington Square Dialysis, states:

1.      Plaintiff Christine Cady is an individual resident of Gasconade County, Missouri, over the age of 18 years.

2.      Defendant DVA Renal Healthcare, Inc. (hereinafter "Defendant DVA") is a foreign corporation authorized to do and doing business in the State of Missouri.

3.      Defendant DVA is, and was at all times material hereto, the owner and/or operator of a dialysis facility know as "Washington Square Dialysis" at 1112 Washington Sq., Washington, Franklin County, Missouri, specializing in providing in-center hemodialysis to the public, by and through its agents, employees and servants.

4.      The cause of action hereinafter set out arose at Franklin County, Missouri, and venue is proper in this court pursuant to § 508.010(4) R.S.Mo.

1

5.      Plaintiff Christine Cady is the surviving spouse of John Cady, deceased.

6.      Plaintiff Christine Cady is entitled to bring an action for the wrongful death of John Cady, deceased, pursuant to § 537.080 R.S.Mo.

7.      The negligent acts and omissions alleged herein were committed by Defendant DVA, and the employees, agents and/or servants of Defendant DVA while acting within the scope and course of their employment for Defendant DVA.

8.      At all times material hereto, John Cady suffered from chronic kidney disease, end stage renal disease, and secondary hyperparathyroidism.

9.      As a part of his therapeutic regimen, John Cady was required to undergo hemodialysis treatments at Washington Square Dialysis facility. All hemodialysis treatments undertaken by Mr. Cady were under the direction, supervision and control of employees, agents and servants, both apparent and actual, of Defendant DVA.

10.     John Cady was a patient at Defendant DVA's Washington Square Dialysis facility and received hemodialysis treatment from the agents, servants and employees of Defendant DVA on August 9, 2010, August 11, 2010 and August 14, 2010.

11.     At all times material hereto, John Cady was 70 years old and in a weakened condition.

12.     At all times material hereto, John Cady was wearing a fall risk identification band because said weakened condition limited his ability to ambulate safely and he had a history of recent falls.

13.     On, before and after August 9, 2010, the agents, servants and employees of Defendant DVA never assessed John Cady to recognize, manage and institute an appropriate

plan of care to address the fact that Mr. Cady was in a weakened condition and at an increased risk for falls, especially after receiving hemodialysis treatment.

14.     On August 9, 2010, John Cady underwent hemodialysis treatment at Defendant DVA's Washington Square Dialysis facility. After said treatment, the agents, servants and/or employees of Defendant DVA observed that John Cady could not ambulate safely following hemodialysis.

15.     After said hemodialysis treatment on August 9, 2010, John Cady required a walker and assistance to ambulate safely through and out of Defendant DVA's Washington Square Dialysis clinic and into the vehicle transporting him home.

16.     On August 11, 2010, John Cady underwent a second hemodialysis treatment at Defendant DVA's Washington Square Dialysis facility. After said treatment, the agents, servants and/or employees of Defendant DVA observed that John Cady could not ambulate safely following hemodialysis.

17.     After said hemodialysis treatment on August 11, 2010, Mr. Cady required a wheelchair and assistance to ambulate safely through and out of Defendant DVA's Washington Square Dialysis clinic and into the vehicle transporting him home.

18.     On August 14, 2010, John Cady underwent a third hemodialysis treatment at Defendant DVA's Washington Square Dialysis facility. During this hemodialysis treatment, Mr. Cady suffered a hypotensive episode during which time his complexion changed dramatically and his speech became incoherent.

19.     On August 14, 2010, the agents, servants and/or employees of Defendant DVA observed and knew or should have known that John Cady was in a weakened and confused state and could not ambulate safely following hemodialysis.

20.     On August 14, 2010, after receiving hemodialysis and while in a weakened and confused state, John Cady was escorted to a scale by employees of Defendant DVA.

21.     After being weighed by and with the assistance of employees of Defendant DVA, John Cady was then left unattended and without assistance in the treatment area, at which time he was allowed to ambulate without the assistance he needed out of the treatment area and clinic to the vehicle transporting him home.

22.     Because of John Cady's weakened and confused state, because he was left unattended, and because he needed but did not receive assistance ambulating through the clinic and out to the vehicle transporting him home, Mr. Cady fell and suffered lacerations to his face, a subdural hematoma in his brain and seizures.

23.     The injuries sustained by John Cady on August 14, 2010 at Washington Square Dialysis resulted in him developing bilateral hemorrhagic brain contusions and a subarachnoid hemorrhage.

24.     The injuries sustained by John Cady caused or contributed to cause his death on August 18, 2010.

25.     The agents, servants and employees of Defendant DVA had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of their profession in the care and treatment of John Cady.

26.     During the course of their care and treatment of John Cady, the agents, servants, and employees of Defendant DVA breached their duty and were guilty of the following acts of negligence and carelessness by failing to measure up to the requisite standard of due care, skill and practice ordinarily exercised by members of their profession under the same or similar circumstances, to-wit:

4

a. by failing to timely, consistently and properly assess and document John Cady's physical condition and his increased risk for falls;

b. by failing to adequately supervise or monitor John Cady to prevent falls;

c. by failing to ensure that John Cady received proper care and treatment to prevent falls;

d. by failing to adequately train and instruct staff in the procedures for identifying and recognizing that John Cady was a fall risk and specifically in recognizing and reacting to the fall risk identification band worn by John Cady;

e. by failing to prepare, institute and follow an appropriate short term care plan for John Cady;

f. by leaving John Cady unattended and without assistance in the treatment area while he was in a weakened and confused state and in need of assistance;

g. by allowing John Cady to ambulate unassisted out of the treatment area and through the clinic and to the vehicle transporting him home while he was in a weakened and confused state and in need of assistance;

h. by failing to assist John Cady out of the treatment area, through the clinic and to the vehicle transporting him home while he was in a weakened and confused state and in need of assistance.

27. The negligence and carelessness of Defendant DVA d/b/a Washington Square Dialysis directly and proximately caused, or directly and proximately contributed to cause, John Cady to suffer severe, permanent and progressive injuries including, but not limited to, bilateral

hemorrhagic brain contusions, a subarachnoid hemorrhage, and mental and physical pain, anguish and distress. As a further direct and proximate cause of the negligence and carelessness of Defendant DVA, John Cady required medical treatment and incurred medical expenses. As a further direct and proximate cause of the negligence and carelessness of Defendant DVA, John Cady died on August 18, 2011. Moreover, and as a further direct and proximate cause of the negligence and carelessness of Defendant DVA, Plaintiff Christine Cady has sustained losses because of John Cady's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

WHEREFORE, Plaintiff prays for judgment against Defendant DVA d/b/a Washington Square Dialysis for such sums as a jury determines to be fair and reasonable, for compensatory damages, together with her costs herein incurred and expended, and for such other relief as the Court deems just and proper.

CHRISTINE CADY, PLAINTIFF

KEMPTON & RUSSELL

By: _____
Mark T. Kempton          #25653
Spencer Eisenmenger      #52914
T. Brody Kempton         #63929
114 East Fifth St.
P.O. Box 815
Sedalia, MO 65302-0815
660-827-0314
660-827-1200 (FAX)
mark@kemptonrussell.com
spencer@kemptonrussell.com
brody@kemptonrussell.com
**ATTORNEYS FOR PLAINTIFF**

6

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, MISSOURI
AT UNION, MISSOURI

CHRISTINE CADY          )
                           )
           Plaintiff    )
                           )
    v.                    )     Case No.
                           )
DVA RENAL HEALTHCARE, INC. )
d/b/a                        )
WASHINGTON SQUARE DIALYSIS )
                           )
SERVE AT:  CSC – Lawyers Incorporating)
           Service Company      )
           221 Bolivar Street      )
           Jefferson City, MO 65101 )
                           )
           Defendant   )

FILED
DEC 19 2011
BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY MISSOURI
D.C.

## AFFIDAVIT OF COUNSEL

STATE OF MISSOURI   )
                      ) ss.
COUNTY OF PETTIS   )

Comes now Spencer W. Eisenmenger, undersigned counsel for Plaintiff herein and being first duly sworn upon his oath states:

1.    I am an attorney practicing in Sedalia, Missouri.

2.    I have been retained by Plaintiff herein.

3.    I have obtained the written opinions of legally qualified healthcare providers which together state that Defendant DVA RENAL HEALTHCARE, INC. failed to use such care as a reasonable prudent and careful healthcare provider would have under similar circumstances in its treatment of John Cady and that said failure directly caused or contributed to cause the damages claimed herein.

4.    The healthcare providers who furnished the opinions mentioned above are 1) Deborah Blomberg, RN, CNN, a registered nurse licensed in Missouri and certified in nephrology, who is actively engaged in the practice of nursing and whose address is 929 Jones Lane, Jefferson City, MO 65109, and 2) Mary Case, MD, the Chief Medical Examiner for Franklin County, Missouri, and whose address is 1402 South Grand Blvd., Doisy Hall, R517, St. Louis, Missouri 63104.

5.    This Affidavit is made pursuant to Section 538.225 RSMo.

KEMPTON AND RUSSELL

By: _____
Spencer Eisenmenger          #52914
114 East Fifth St.
P. O. Box 815
Sedalia MO 65302-0815
660-827-0314
660-827-1200 (FAX)
spencer@kemptonrussell.com
ATTORNEY FOR PLAINTIFF

Subscribed and sworn to before me this 10th day of December, 2011.

_____
Notary Public

My Commission Expires:

DAWN E. HACKWORTH
Notary Public - Notary Seal
STATE OF MISSOURI
Pettis County
Commission #09530505
My Commission Expires 2/2/2013



# IN THE 20TH JUDICIAL CIRCUIT COURT, FRANKLIN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GAEL D. WOOD | Case Number: 11AB-CC00317 |
| Plaintiff's/Petitioner:<br>CHRISTINE G CADY | Plaintiff's/Petitioner's Attorney/Address<br>SPENCER WEHRLE EISENMENGER<br>114 EAST FIFTH<br>SEDALIA, MO 65301 |
| vs. | |
| Defendant/Respondent:<br>DVA RENAL HEALTHCARE INC | Court Address:<br>401 EAST MAIN ST, RM 100A<br>UNION, MO 63084 |
| Nature of Suit:<br>CC Wrongful Death | |

**FILED**

JAN 17 2012

BILL D. MILLER, Circuit Clerk
FRANKLIN COUNTY, MISSOURI
By _____ D.C.

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: DVA RENAL HEALTHCARE INC
Alias: DBA WASHINGTON SQUARE DIALYSIS

SERVE AT: CSC LAWYERS
INCORPORATING SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*FRANKLIN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12-27-11
Date

_Bill D. Miller_ /prch
Clerk

Further Information: PETITION AND AFFIDAVIT OF COUNSEL ATTACHED.

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name), _____ (title).
☒ other SERVED DVA RENAL HEALTHCARE INC c/o CSC M.S. LEWIS, DESIGNEE
Served at 221 BOLIVAR ST. J.C. MO 65101 (address) at 0800 (time)
in COLE (County/City of St. Louis), MO, on 1-4-12 (date)

G. WHITE
Printed Name of Sheriff or Server

_John P. Askew_
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | ( _____ miles @ $ _____ per mile) |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.